UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAITHAM SHALASH,
    Petitioner,

vs.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-451

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the judgment of conviction and sentence entered by the Warren County, Ohio, Court of Common Pleas in Case No. 12CR28291. (*See* Doc. 1, at PAGEID#: 1).

On August 17, 2016, respondent filed a motion to dismiss the petition with prejudice. (Doc. 10).[1] On December 1, 2016, this Court issued an Order staying ruling on the motion to dismiss pending the Ohio Supreme Court's disposition of a certified question in an appeal involving petitioner's co-defendant, which "is critical for determining whether respondent's motion to dismiss should be granted or denied." (Doc. 16, p. 2, at PAGEID#: 294). On December 27, 2016, the respondent filed a notice informing the Court of the Ohio Supreme Court's disposition of the certified question in a decision that issued the same date. (Doc. 17). It,

---

[1] Respondent also separately filed 30 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 9). Thereafter, petitioner filed a brief opposing the motion to dismiss, and respondent filed a brief in reply to petitioner's opposition memorandum. (Docs. 13, 15).

therefore, appears that the order staying the case is no longer in effect, and the matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In May 2012, the Warren County, Ohio, grand jury returned an indictment in Case No. 12CR28291charging petitioner with six counts of aggravated trafficking of "a controlled substance, to wit: controlled substance analog" in violation of Ohio Rev. Code § 2925.03(A) (Counts 1-6) and one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1) (Count 7); a major drug offender specification was attached to the aggravated trafficking charge set forth in Count 4. (*See* Doc. 9, Ex. 1). It appears from the record that the charges "arose out of allegations that on January 18, 2012, and February 13, 2012, [petitioner] and a co-defendant, Ha[mz]a Shalash, sold 'designer' or 'synthetic' drugs that were substantially similar to controlled substances out of a local gas station." (*Id.*, Ex. 19, ¶2, at PAGEID#: 154).[2]

Hamza Shalash, petitioner's brother, is not a party in this action. He was separately indicted and tried in Warren County Case No. 12CR28290 and was sentenced to an aggregate 11-year prison term upon his conviction following a jury trial of eight counts of aggravated trafficking in a controlled substance analog, as well as one count of engaging in a pattern of

---

[2] The Ohio Court of Appeals, Twelfth Appellate District, provided the summary of the facts giving rise to the criminal charges in a decision issued October 13, 2015 affirming the trial court's denial of petitioner's post-sentence motion to withdraw his guilty plea. (*See* Doc. 9, Ex. 19). The state appellate court's summary is presumed correct in the absence of any evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1) ("[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing evidence"); *see also McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

2

corrupt activity. *See State v. Hamza Shalash*, 41 N.E.3d 1263, 1265 (Ohio Ct. App. 2015). On direct appeal, the Ohio Court of Appeals reversed Hamza's conviction and remanded the matter for further proceedings after finding that the trial court had erred in denying a defense motion to exclude the State expert witness's testimony without holding a *Daubert* hearing. *Id.* On remand, the trial court held a *Daubert* hearing, in which it was determined that the State expert's testimony was admissible. *Id.* Hamza then filed a motion, which was denied, requesting that the indictment be dismissed "on the ground that the sale of controlled substance analogs was not criminalized at the time he sold them." *See id.* at 1265-66. Thereafter, Hamza entered a no-contest plea to the charges and was again sentenced to an 11-year prison term. He pursued an appeal to the Ohio Court of Appeals, Twelfth Appellate District, on the claim raised in his motion to dismiss and another assignment of error. The state appellate court overruled the assignments of error and affirmed Hamza's conviction and sentence. *See id.* at 1269, 1275. Hamza next pursued an appeal to the Ohio Supreme Court, which accepted the appeal for the purpose of deciding a conflict between the Twelfth and Tenth Appellate Districts on the issue whether controlled substance analogs were criminalized by the Ohio legislature in House Bill 64, which became effective on October 17, 2011. *See State v. Hamza Shalash*, No. 2015-1782 (Ohio). On December 27, 2016, the Ohio Supreme Court affirmed the Ohio Court of Appeals' judgment and Hamza's conviction and sentence after determining in accordance with the Twelfth Appellate District's decision that "'controlled substance analogs' were criminalized as of October 17, 2011, the effective date of House Bill 64." (*See* Doc. 17, attached Ohio Supreme Court Slip Opinion No. 2016-Ohio 8358).

In petitioner's case (No. 12CR28291), petitioner's counsel filed a motion to dismiss the indictment on the ground that the statutory provision set forth in Ohio Rev. Code § 3719.01(HH),

"which makes it illegal to possess any substance that is 'substantially similar' to a controlled substance," is "unreasonably vague in that it fails to portray to a reasonable person the types of substances in which it intends to ban." (Doc. 9, Ex. 3, at PAGEID#: 50). The trial court denied the motion on February 25, 2013. (*Id.*, Ex. 5).

Over five months later, on August 12, 2013, petitioner entered a guilty plea to three of the aggravated trafficking counts (Counts 1-3) and the charge of engaging in a pattern of corrupt activity (Count 7) in exchange for the dismissal of the remaining counts (Counts 4-6), the specification attached to Count 4, and an agreed-to prison sentence of five (5) years. (*See id.*, Exs. 6-7). On the same date, the trial court issued the final judgment entry sentencing petitioner in accordance with the plea agreement to a five-year prison term, which consisted of the following concurrent terms of imprisonment: one (1) year each for the three aggravated trafficking offenses charged in Counts 1-3 and five (5) years for the offense charged in Count 7, "of which <u>by agreement of the parties four (4)</u> years is a mandatory term pursuant to R.C. §2929.13(F)." (*Id.*, Ex. 7) (emphasis in original).

## Motion to Withdraw Guilty Plea

Petitioner took no action to challenge his conviction or sentence until January 14, 2015, nearly a year and a half after the issuance of the final judgment entry, when he filed a *pro se* motion to withdraw his guilty plea with the trial court. (Doc. 9, Ex. 8). In the motion filed pursuant to Ohio R. Crim. P. 32.1, petitioner contended that at the time the charged offenses were committed in January and February 2012, Ohio Rev. Code § 2925.03 did not "expressly prohibit the sale or possession of controlled substance analogs" because "the definition of 'controlled substance analog' created in House Bill 64 and codified as R.C. 3719.01(HH)" had not yet been

4

expressly incorporated by amendment into Ohio Rev. Code Chapter 2925. (*See id.*, at PAGEID#: 75-77). Petitioner argued that because he was convicted for acts that were not defined as "criminal offenses" when they were committed, he should be permitted to withdraw his guilty plea to correct a manifest injustice; his conviction should be reversed on the ground that it violates the Ex Post Facto Clause of the United States and Ohio Constitutions; and his guilty plea should be deemed invalid on the ground that it was not knowingly and voluntarily entered as it was induced by his counsel's "incorrect legal advice" amounting to ineffective assistance. (*Id.*, at PAGEID#: 80). On January 16, 2015, the trial court denied petitioner's motion. (*Id.*, Ex. 9).[3]

On June 29, 2015, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, Twelfth Appellate District, from the trial court's January 16, 2015 entry. (*Id.*, Exs. 12-13). The Ohio Court of Appeals permitted the delayed appeal. (*See id.*, Ex. 15). In his merit brief, petitioner asserted the following claims as assignments of error:

1.  Appellant's conviction and sentence is in violation of the ex post facto clause.

2.  Appellant[] was denied the effective assistance of counsel guaranteed by the Ohio and United States Constitutions.

3.  The trial court abused its discretion when it denied Appellant's January 14, 2015 Motion to Withdraw his guilty plea.

(*Id.*, Ex. 16, at PAGEID#: 116, 117, 119).

On October 13, 2015, the Ohio Court of Appeals overruled the assignments of error and

---

[3] It appears from the record that petitioner was not served with the trial court's entry denying his motion to withdraw his guilty plea. (*See* Doc. 9, Exs. 13, 15). On April 22, 2015, he filed a motion with the trial court requesting a hearing on the motion to withdraw guilty plea. (*Id.*, Ex. 10). In an entry filed April 29, 2015, the trial court denied the motion for hearing, noting that petitioner's motion to withdraw his guilty plea had already previously been denied. (*Id.*, Ex. 11).

affirmed the trial court's judgment. (*Id.*, Ex. 19). The court reasoned in relevant part as follows:

> Here, appellant contends the trial court erred when it denied his motion to withdraw his guilty plea as the sale of controlled substance analogs was not criminalized until December of 2012, almost a year *after* he was alleged to have sold the substances. In support of his argument, appellant relies on *State v. Smith*, 10th Dist. Franklin Nos. 14AP-154 and 14AP-155, 2014-Ohio-5303. In *Smith*, the state appealed the dismissal of multiple indictments charging the defendant with trafficking and possessing controlled substance analogs between February 2012 and July 2012, in violation of R.C. 2925.01. *Id.* at ¶ 2. After examining 2011 Am.Sub.H.B. No. 64 (House Bill 64), the law that was in effect at the time the defendant was alleged to have possessed and trafficked in controlled substance analogs, the Tenth District concluded that the law did not state a positive prohibition or provide a penalty for violating such prohibition on the possession or sale of controlled substance analogs. *Id.* at ¶ 16. The Tenth District found no error in the trial court's decision to dismiss the indictment, holding that "the acts [the defendant] is alleged to have committed were not clearly defined as criminal offenses under the law as it existed at the time." *Id.*
>
> This court recently examined the holding of the *Smith* court in *State v. Shalash*, 12th Dist. Warren No. CA2014-12-146, 2015-Ohio-3836. In *Shalash*, appellant's co-defendant, Ha[mz]a, made the same ex post facto argument appellant presents today. After analyzing House Bill 64, we rejected Ha[mz]a's argument and the holding of the *Smith* court. *Shalash* at ¶ 20-28. We concluded that "[t]he plain and clear language of R.C. 3719.013 incorporated controlled substance analogs into every other chapter of the Revised Code, including R.C. Chapter 2925. Therefore, the sale or possession of controlled substance analogs was criminalized as of October 17, 2011, the date House Bill 64 became effective." *Id.* at ¶ 24. Ha[mz]a's convictions for aggravated trafficking in controlled substance analogs between January and February 2012 were, therefore, upheld. *Id.* at ¶ 1.
>
> For the reasons set forth in *Shalash*, we find appellant's argument that his conviction and sentence violates the ex post facto clauses of the United States and Ohio Constitutions to be without merit. The sale or possession of controlled substance analogs was criminalized by House Bill 64, which was in effect well before appellant trafficked in the substances in January and February 2012.
>
> We also find appellant's argument that his trial counsel provided ineffective assistance to be without merit. Essentially, appellant argues that his counsel was deficient for not discovering or arguing that the sale of controlled substance analogs was legal in January and February 2012. Appellant contends that had this argument been set forth in his motion to dismiss, the motion would have been granted, the indictment dismissed, and he never would have entered a guilty plea to

6

the charges.

> Appellant's claim of ineffective assistance fails as he cannot establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* [*v. Washington*, 466 U.S. 668, 694 (1984)]. . . . Even if we were to assume trial counsel's performance was deficient for failing to advise appellant about appellant's ability to challenge the indictment on the basis that House Bill 64 did not criminalize the sale of controlled substance analogs, appellant cannot demonstrate any prejudice. As discussed above, this court has determined that the sale or possession of controlled substance analogs was criminalized by House Bill 64. Appellant, therefore, could not have prevailed on a motion to dismiss as trafficking in controlled substance analogs was a crime as of October 17, 2011.
>
> Accordingly, for the reasons set forth above, we conclude that the trial court did not err in denying appellant's motion to withdraw his guilty plea. Appellant failed to demonstrate his trial counsel was ineffective or that there was some fundamental flaw in the underlying proceedings that resulted in a manifest injustice.

(*Id.*, pp. 4-7, at PAGEID#: 156-59) (footnote and state case citation omitted).[4]

Petitioner filed a motion for reconsideration, which was denied. (*See id.*, Exs. 20, 22). Petitioner next pursued a timely appeal to the Ohio Supreme Court based on the same claims that he had presented to the Ohio Court of Appeals. (*See id.*, Exs. 23, 25). On January 20, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.*, Ex. 28). Petitioner filed a motion for reconsideration, which was summarily denied by the Ohio Supreme Court on March 23, 2016. (*Id.*, Exs. 29-30).

## Federal Habeas Corpus Petition

The instant federal habeas action commenced on April 4, 2016. (*See* Doc. 1). However,

---

[4] It is noted that in holding that "the sale or possession of controlled substance analogs was criminalized as of October 17, 2011, the date House Bill 64 became effective," the Ohio Court of Appeals also pointed out in a footnote that "House Bill 64 added R.C. 3719.013, which provided that '[a] controlled substance analog, to the extent intended for human consumption, shall be treated for purposes of *any* provision of the Revised Code as a controlled substance in schedule I.' (Emphasis added.)" (Doc. 9, Ex. 19, p. 5 n.2, at PAGEID#: 157).

because petitioner is a *pro se* litigant, it is presumed for statute-of-limitations purposes that the filing date of the petition is March 25, 2016, which is the date that petitioner has averred he placed the pleading in the prison mailing system for delivery to the Court. (*See id.*, at PAGEID#: 25).[5] In the petition, petitioner presents the following grounds for relief:

> **Ground One:** Petitioner's conviction is in violation of the ex post facto clause.
>
> **Supporting Facts:** At the time Petitioner committed his offenses of trafficking in controlled substance analog, Title 29 did not prohibit selling or offering to sell a controlled substance analog and Title 29 did not state the definition of controlled substance analog. Petitioner's conviction is illegal.
>
> **Ground Two:** Ineffective Assistance of counsel.
>
> **Supporting Facts:** Counsel has a duty to stay current on all applicable laws in a client's case, to investigate those laws and statutes. Counsel failed to investigate, to stay current on the applicable laws and statutes and advise Petitioner to enter a no contest plea to criminal offense[s] that were not criminalized at the time Petitioner was alleged to have committed them, thus the result is a no contest plea entered upon incorrect legal advice and involuntary.

(*Id.*, at PAGEID#: 5, 17).

Respondent has filed a motion to dismiss the petition. (Doc. 10). Respondent contends that the petition should be dismissed with prejudice because petitioner has not alleged a cognizable ground for federal habeas relief. (*See id.*). Petitioner has filed a brief opposing the motion to dismiss. (Doc. 13). Respondent has filed a brief in reply to petitioner's opposition memorandum and has also updated the record by filing the Ohio Supreme Court's recent decision

---

[5] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). In this case, it appears that petitioner's grounds for relief, which involve errors that allegedly occurred before petitioner's conviction became final in September 2013, may be time-barred under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). However, because respondent has not asserted that defense as a ground for dismissal of the petition, the undersigned will not address the limitations issue and will assume, without deciding, that the petition is not time-barred.

on the certified question resolved in the appeal brought on behalf of petitioner's co-defendant, Hamza Shalash. (*See* Docs. 15, 17).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED IN LIGHT OF THE OHIO SUPREME COURT'S RECENT DISPOSITION OF A STATE-LAW ISSUE THAT GOVERNS THE RESOLUTION OF PETITIONER'S CONSTITUTIONAL CLAIMS

In the petition, petitioner has asserted cognizable federal constitutional claims to the extent that he alleges in Ground One that his conviction violates the Constitution's Ex Post Facto Clause and claims in Ground Two that he did not enter a knowing or voluntary guilty plea and was instead induced to plead guilty by his trial counsel, who provided ineffective assistance in advising him to do so. However, both of those constitutional claims are based on petitioner's contention that he was convicted and sentenced for offenses involving the trafficking of "controlled substance analogs" that were not criminalized by the Ohio legislature until December 2012, nearly a year *after* the charged offenses were committed. That underlying contention involves an issue of state-law, which the Ohio Supreme Court recently resolved in the State's favor when deciding the conflict between the Twelfth and Tenth Appellate Districts on the issue whether controlled substance analogs were criminalized by the Ohio General Assembly as early as October 17, 2011, the effective date of House Bill 64. (*See* Doc. 17, attached Ohio Supreme Court Slip Opinion No. 2016-Ohio 8358). In affirming the conviction of petitioner's co-defendant for the same offenses committed in January and February 2012, the Ohio Supreme Court sided with the Twelfth Appellate District's decision that "'controlled substance analogs' were criminalized as of October 17, 2011, the effective date of House Bill 64." (*Id.*).

In this federal habeas proceeding, the Court has jurisdiction to review petitioner's claims

9

only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). "[B]ecause the state courts are final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters." *Bennett v. Warden, Lebanon Corr. Inst.,* 782 F. Supp.2d 466, 478 (S.D. Ohio 2011) (and cases cited therein); *see also Warner v. Zent,* 997 F.2d 116, 133 (6th Cir. 1993) (quoting *Mullaney v. Wilbur,* 421 U.S. 684, 690-91 (1975)) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law"); *Meyers v. Ohio,* No. 1:14cv1505, 2016 WL 922633, at *7 (N.D. Ohio Jan. 21, 2016) (Report & Recommendation) (citing *Olsen v. McFaul,* 843 F.2d 918, 929 (6th Cir. 1988)) ("federal habeas courts are bound by decisions of intermediate state courts on questions of state law unless convinced that the state's highest court would decide the issue differently"), *adopted*, 2016 WL 916602 (N.D. Ohio Mar. 9, 2016). *Cf. Jones v. Woods,* 635 F. App'x 254, 257 (6th Cir. 2015) (citing *Davis v. Straub,* 430 F.3d 281, 291 (6th Cir. 2005)) (in affirming the district court's denial of a habeas petition based on a claim that the petitioner's trial counsel was ineffective for failing to request a self-defense jury instruction, the Sixth Circuit emphasized that "[w]e are bound by the [state] Court of Appeals' determination that [the petitioner] was not entitled to the instruction under state law").

Here, although the Twelfth Appellate District and Tenth Appellate District disagreed about the proper resolution of the underlying state-law question, the Ohio Supreme Court has made it clear that the Twelfth Appellate District was correct in concluding that trafficking in controlled substance analogs was a criminal offense under Ohio Rev. Code Chapter 2925 when petitioner and his brother committed that offense in January and February 2012. Because, as a matter of Ohio law, trafficking in controlled substance analogs was a criminal offense when the charged offenses occurred in 2012, petitioner's claim of an ex post facto violation lacks merit.

For the same reason, petitioner is unable to demonstrate that his trial attorney was ineffective for advising him to enter a guilty plea instead of seeking dismissal of the criminal charges on the ground that trafficking in controlled substance analogs was legal when the charged offenses occurred. As the Ohio Court of Appeals recognized in rejecting petitioner's claim of ineffective assistance, to prevail on such a claim, petitioner must show both (1) his trial attorney's challenged conduct was constitutionally deficient and (2) such conduct prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. To satisfy the second "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985) (applying *Strickland* to guilty-plea context). Here, given the Twelfth Appellate District's and Ohio Supreme Court's disposition of the underlying state-law issue, petitioner is unable to meet his

11

burden of showing that his counsel acted unreasonably or prejudicially in advising him to enter a guilty plea in exchange for the dismissal of some of the charges and an agreed-to 5-year prison sentence. As the Ohio Court of Appeals reasonably concluded, counsel was not ineffective because he would not have prevailed on the argument that petitioner claims should have been asserted in a motion to dismiss.

Accordingly, in sum, the undersigned concludes that respondent's motion to dismiss (Doc. 10) should be granted because petitioner's federal constitutional claims lack merit in light of the Ohio Supreme Court's disposition of the state-law issue on which those claims are based.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/4/2017

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAITHAM SHALASH,
    Petitioner,

vs.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-451

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

cbc