UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HAITHAM SHALASH, | : | Case No. 1:16-cv-451 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| WARDEN, NOBLE | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 18)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on January 4, 2016, submitted a Report and Recommendation. (Doc. 18). Petitioner filed objections on Jan. 11, 2017. (Doc. 19).[1]

---

[1] After reviewing the Report and Recommendation, Petitioner's objections, and the case record, the Court finds that Petitioner's objections are not well taken. Petitioner's initial argument in his habeas corpus motion was that his sentence was an unconstitutional ex post facto sentence, as the Ohio state legislature did not criminalize the sale of "controlled substance analogs" until Plaintiff had already been convicted of doing so. The Magistrate Judge stayed the case until the Supreme Court of Ohio weighed in this issue, which had been raised by a codefendant in the state courts. (Doc. 16). The Supreme Court of Ohio held that the sale of controlled substance analogs was in fact already illegal when Plaintiff was arrested and charged because a previous statute had incorporated "controlled substance analogs" into every provision of the Ohio Revised Code, treating them under any provision the same as would be treated a controlled substance in schedule I. (*See* Doc. 17-1). [footnote continued on next page]

1

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety. Accordingly, **IT IS ORDERED** that:

1) Respondent's motion to dismiss (Doc. 10) is **GRANTED;**

2) Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED WITH PREJUDICE;**

3) A certificate of appealability shall not issue with respect to any of the grounds for relief alleged in the petition because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

4) The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Petitioner is denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Date: 1/13/17

Timothy S. Black
United States District Judge

---

Petitioner's objections to the Report and Recommendation acknowledge the Supreme Court of Ohio's ruling but argue that he was still sentenced under an unconstitutional ex post facto law because "no *penalty* for control substance analogs existed until December 20, 2012." (Doc. 19, at 6 (emphasis added)). Petitioner's assertion is incorrect. As interpreted by the Supreme Court of Ohio, the penalty for the sale of controlled substance analogs was the same as the penalty for the sale of controlled substances under schedule I at the time of Petitioner's conviction, because controlled substance analogs were viewed by all sections of the Ohio Revised Code equivalently to controlled substances under Schedule I at the time of Petitioner's conviction. Accordingly, neither Petitioner's ex post facto claim nor his ineffective assistance of counsel claim (based around the same misinterpretation of Ohio law) has merit.